IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                              CASE NO. 1:94-cr-01009-MP-AK-2

CLAUDE LOUIS DUBOC,

      Defendant.

_____/

## O R D E R

      This matter is before the Court on Doc. 1163, Motion to Amend the Order of Forfeiture by the United States of America. The United States of America, pursuant to Fed. R. Crim. P. 32.2(e) and 21 U.S.C. § 853(p), has moved for an Order of Forfeiture of Substitute Property in case number 1:94cr1009 to include certain assets described herein belonging to defendant, Claude Louis Duboc, as presumptive drug proceeds or, alternatively, as substitute property. In consideration of the motion, the memorandum in support thereof, and the entire record in this matter, the Court finds as follows.

      On December 30, 1998, the Court entered a Preliminary Order of Forfeiture ordering the defendant to forfeit to the United States $100 million, representing illicit proceeds derived from narcotics trafficking and money laundering for which he pled guilty on May 17, 1994. The final Order of Forfeiture was entered on September 23, 1999, identifying a specific list of assets to be forfeited. The Order also directed the United States Marshals to seize those assets.

      The United States, in cooperation with the Royal Thai Government, has identified additional assets ("Thai assets") subject to forfeiture in this case. These assets, which are located

in Thailand, include certain assets held in the name of the defendant, as well as those nominally held by other persons on behalf of the defendant.

For the reasons set for in the United States' motion and accompanying exhibits, the Court finds by a preponderance of the evidence that the property listed in the United States' motion is subject to forfeiture in partial satisfaction of the $100 million money judgment. Specifically, the Court concludes that because (1) the property listed in the United States' motion was acquired during the period covered by the indictment; (2) the Court has previously found that the defendant held no substantial position of employment and received no other significant legitimate income to justify his wealth; (3) the defendant has offered no persuasive explanation for a legitimate source to explain the acquisition of the Thai assets; and (4) the Court has previously found that the defendant personally profited in the amount of approximately $100 million from the ongoing drug trafficking and money laundering operation for which he was convicted, the Government is entitled to presume that the Thai assets were derived from the defendant's drug trafficking offenses. The defendant has failed to establish a legitimate source for the Thai assets. The Court also concludes that the defendant used his former girlfriend, Pornphen Imjit, and her sister, Wilaiwan Chalopatum, to hold certain of the Thai assets for which they paid no consideration as nominee owners. Therefore, the Court finds that, in accordance with 21 U.S.C. § 853(d), the Thai assets were purchased using funds traceable to the defendant's criminal narcotics proceeds, emanating from his narcotics trafficking scheme, and the requisite nexus is established for forfeiture in accordance with 21 U.S.C. § 853(a)(1).

In addition, the Court finds that the Thai assets may also be forfeited as substitute assets in partial satisfaction of the outstanding money judgment pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b)(1).

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

A.    The following Thai assets are forfeited to the United States:

1.    One furnished condominium unit, more particularly described as "Baan Sansiri," Apartment number 1703, 159/52 Soi Mahadlek Luang 2, Rajdamri Road, Pathumwan District, Bangkok, held in the name of Claude Louis Duboc;

2.    One furnished condominium unit, more particularly described as "Tower Park Condominiums," Suite 29C, also referred to as Room 4C, 52/35 Sukhumvit Soi 3, (Nana North), Klongtoey District, Bangkok, originally purchased by Claude Louis Duboc and subsequently transferred;

3.    One Toyota van, model LH-112R-RBMES, VIN Number: LH 112-7000808, registered with Bangkok Land Transport Registration under license plate "3F-3280 Bangkok";

4.    One Savings Account, number 084-3-03008-4-01, in the name of Pornphen Imjit, located at Thai Farmers Bank, containing approximately 8,823.27 baht;

5.    One Fixed Account, number 084-2-21634-6, in the name of Pornphen Imjit, located at Thai Farmers Bank, containing approximately 7,524.87 baht;

6.    One Fixed Deposits Account, number 1890450503, in the name of Wilaiwan Chalopatum, located at Bangkok Bank, Lak Si Branch, containing approximately 56,005.85 baht;

7.    One Fixed Account, number 176-215-1650, in the name of Pornphen Imjit, located at Bangkok Bank, Houi Khwang Branch, containing approximately 582,041.84 baht;

8.    One Savings Account, number 176-043-6368, in the name of Pornphen Imjit, located at Bangkok Bank, Houi Khwang Branch, containing approximately 29,856.95 baht;

9.    One Fixed Account, number 176-226-4297, in the name of Pornphen Imjit, located at Bangkok Bank, Houi Khwang Branch, containing approximately 1,000,000.00 baht;

10.    One Fixed Account, number 105-2-33507-0, in the name of Pornphen

Imjit, located at Bangkok Bank, Bangkapi Branch, containing approximately 90,512.48 baht;

11. One Current Account Deposits, number 105-3-20423-4, in the name of Pornphen Imjit, located at Bangkok Bank, Bangkapi Branch, containing approximately 58,153.62 baht; and

12. One Savings Account, number 105-0-85120-1, in the name of Pornphen Imjit, located at Bangkok Bank, Bangkapi Branch, containing approximately 4,377.32 baht.

B. The Final Order of Forfeiture of September 23, 1999 is hereby amended to include the above list of Thai assets as Substitute Assets Subject to Forfeiture.

C. The Thai assets be restrained and that Claude Louis Duboc and his agents; servants; employees; attorneys; family members; those persons in active concert or participation with him; and those persons, financial institutions, or other entities who have any interest or control over the subject property be RESTRAINED, ENJOINED, AND PROHIBITED, without prior approval of this Court and upon notice to the United States and an opportunity for the United States to be heard, from attempting or completing any action that would affect the availability, marketability, or value of said property, including, but not limited to, selling, transferring, assigning, pledging, distributing, encumbering, wasting, secreting, depreciating, damaging, or in any way diminishing the value of all or any part of their interest, direct or indirect, in the property.

D. The property owners are required to maintain the present condition of any real property subject to this Order, including timely payment of all mortgage payments, insurance, utilities, taxes, and assessments until further order of this Court. The Government is hereby authorized to enter said real properties to videotape conditions in order to verify that said properties are being maintained.

E. Any financial institutions holding any accounts subject to this Order shall take no offsets against such accounts. They shall continue to credit any deposits, interest, dividends, or other credits to such accounts in the normal course of business, and such deposits, interest, dividends, and other credits shall be subject to this Order.

F. The United States shall request that the appropriate authorities in Thailand restrain and/or seize the Thai assets according to the terms of this Order pending the conclusion of the ancillary proceeding, whereupon the United States has represented that it will transmit the final forfeiture judgment pursuant to the Mutual Legal Assistance Treaty between the Governments of the United States and Thailand.

G. It shall be the responsibility of the United States to notify all interested parties of

their right to file a claim asserting legal right, title, or interest in all property subject to this Order pursuant to 21 U.S.C. § 853(n). Notification is authorized by any means authorized by the United States Attorney General.

H.      As soon as the ancillary proceeding following the issuance of this Order is complete, or, if no third party petitions are filed, as soon as the 30-day period for filing such claims has expired, the United States shall file a motion and proposed Amended Final Order of Forfeiture and the United States Marshals Service, or any duly authorized law enforcement official, shall dispose of the property hereunder according to the law.

I.      Any assets Defendant has transferred are hereby set aside until the completion of the ancillary proceedings.

J.      The net proceeds of the disposal of the assets shall be credited to the $100 million judgment imposed against Defendant.


**DONE AND ORDERED** this   *12th* day of September, 2011


            *s/Maurice M. Paul*
        Maurice M. Paul, Senior District Judge